IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATIONAL FIRE & MARINE
INSURANCE COMPANY,

      Plaintiff,

    vs.                                                          Civ. No. 25-105 JFR/SCY

GENESIS HEALTHCARE, INC.;
GENESIS HEALTH CARE, LLC;
GENESIS HC, LLC, f/k/a GENSIS
HEALTHCARE CORPORATION;
ANDREW DUNBAR; SKIES HEALTHCARE
AND REHABILITATION CENTER, LLC;
FELIZ ANGELICA RAEL, as Personal
Representative of the Estate of YOKE MO;
EDISON LAU; and LILY LAU,

      Defendants.

## ORDER TO AMEND COMPLAINT

This matter comes before the Court sua sponte, following its review of the Complaint, filed on January 31, 2025. Doc. 1. Plaintiff filed this action in federal court citing diversity jurisdiction. *Id.* ¶ 12. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). The Court, having considered the complaint and the applicable law concludes that the complaint fails to allege the necessary facts to sustain diversity jurisdiction.

First, the complaint fails to allege the citizenship of the individual defendants Andrew Dunbar, Feliz Angelica Rael,[1] Edison Lau, and Lily Lau. Instead, the complaint alleges the places of residency for the individual defendants. Doc. 1 ¶¶ 5, 8-10. Residency, however, is not equivalent to citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Citizenship, or domicile, exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residency may prima facie indicate citizenship when other proof in the record indicates citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir. 1972); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). There being no other proof in the record indicating citizenship, an allegation of "residency" and not "citizenship" is insufficient to confer jurisdiction on this Court. *Vincent v. Nelson*, 51 F.4th 1200, 1211-12 (10th Cir. 2022) (complaint alleging residency was insufficient to confer jurisdiction); *see also McEntire v. Kmart Corp.*, No. 09cv567 JB/LAM, 2010 WL 553443, at *8 (D.N.M. Feb. 9, 2010) (collecting cases discussing requirement to amend notice of removal).

Second, the complaint fails to properly allege the citizenship of the limited liability company ("LLC") defendants. As to Genesis HC, LLC, Genesis Health Care LLC, and Skies Healthcare and Rehabilitation Center, LLC, the complaint alleges their places of organization and principal places of business. Doc. 1 ¶¶ 3-4, 6. But determining the citizenship of an unincorporated entity such as LLC is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is

---

[1] Feliz Angelica Rael is the personal representative for the estate of Yoke Mo. Doc. 1 ¶ 8. "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Here, however, the complaint only provides the residency for Ms. Rael herself, without providing the citizenship of the decedent.

2

incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). Plaintiff's complaint does not provide any information as to the citizenship of the LLC Defendants' members.

**IT IS HEREBY ORDERED** that Plaintiff amend its complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than February 25, 2025.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by February 25, 2025, the Court may dismiss this action without prejudice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE